Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| XIOMARA TORRES TORRES<br><br>RECURRIDA<br><br>v.<br><br>ALEX MONSERRATE SOSA<br><br>PETICIONARIO | KLCE202500511 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.<br>D AL2015-1081<br><br>Sobre:<br>Alimentos |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de mayo de 2025.

### I.

El 9 de mayo de 2025, el señor Alex Monserrate Sosa (señor Monserrate Sosa o peticionario) presentó una petición de *Certiorari* en la que solicitó que revoquemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario) el 31 de marzo de 2025, notificada y archivada en autos el 2 de abril de 2025.[1] En el dictamen, el foro primario refirió el caso a la Examinadora de Pensiones Alimentarias (EPA) para la modificación de pensión alimentaria que procediera.

Junto al recurso, el peticionario radicó una *Solicitud de orden provisional de auxilio de jurisdic[c]ión* en la que solicitó que paralizáramos los procedimientos ante el TPI, toda vez que tenía pautada la celebración de una vista ante la EPA el 25 de junio de 2025 y existe un pago que realizar para junio próximo.

---

[1] Apéndice de la petición de *Certiorari*, págs. 16-17.

Como cuestión de umbral, la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5), nos confiere la facultad para prescindir de escritos en cualquier caso ante nuestra consideración, con el propósito de lograr su más justo y eficiente despacho. Al amparo de ello, dadas las particularidades de este caso, prescindimos de la comparecencia de la señora Xiomara Torres Torres (señora Torres Torres o recurrida).

En adelante, pormenorizamos los hechos procesales más relevantes para la atención de la presente petición de *Certiorari.*

**II.**

El caso de marras tiene su génesis el 14 de agosto de 2015 cuando la señora Torres Torres presentó una *Demanda* en contra del señor Monserrate Sosa en reclamo de alimentos a favor de un menor, hijo de ambas partes.[2]

Luego de múltiples trámites procesales, el 20 de marzo de 2025, el peticionario radicó una *Moción sobre asunto de patria potestad y oposición* en la que solicitó al TPI que ordenara que el menor no fuera matriculado en tutorías o tiempo extendido en la escuela a la que asiste.[3] Según expuso, el menor fue matriculado sin consultarle, en violación de su derecho de patria potestad, y, además, se ha afectado su periodo de relaciones filiales.

El 26 de marzo de 2025, la señora Torres Torres presentó una *Oposición a "moción sobre asunto de patria potestad y oposición"* en la que presuntamente se opuso a la solicitud del señor Monserrate Sosa.[4]

---

[2] Esta incidencia procesal y su fecha surgen de la página oficial del Poder Judicial, https://poderjudicial.pr/consulta-de-casos/.
[3] Apéndice de la petición de *Certiorari*, págs. 13-14.
[4] Esta incidencia procesal y su fecha surgen de la *Orden* recurrida emitida por el TPI el 31 de marzo de 2025, notificada y archivada en autos el 2 de abril de 2025. El señor Monserrate Sosa no incluyó la moción en el Apéndice de la petición de *Certiorari.*

El 31 de marzo de 2025, el TPI emitió la *Orden* recurrida en la que refirió el caso a la EPA para la evaluación y modificación que procediera.[5]

El 8 de abril de 2025, el señor Monserrate Sosa radicó una *Reconsideración* en la que solicitó al TPI que revirtiera su dictamen y, en su lugar, ordenara a las partes ponerse de acuerdo sobre las tutorías en cuestión.[6]

El 21 de abril de 2025, la señora Torres Torres presentó una *Moción en cumplimiento de orden y oposición a reconsideración* en la que se opuso a la solicitud de reconsideración.[7]

El 24 de abril de 2025, el TPI emitió, notificó y archivó una *Resolución* en la que declaró No Ha Lugar la *Reconsideración*.[8]

El 1 de mayo de 2025, el TPI emitió una *Resolución provisional de alimentos* en la que acogió un *Acta* sometida por la EPA y, en consecuencia, resolvió que: (1) la pensión alimentaria a favor del menor permanecería vigente en los mismos términos; (2) el señor Monserrate Sosa pagaría el gasto de cuido durante mayo y junio de 2025, en virtud de un acuerdo entre las partes; y (3) el peticionario pagaría honorarios de abogado a favor de la señora Torres Torres.[9] Además, ordenó a las partes comparecer a la vista ante la EPA, señalada para el 25 de junio de 2025.

Inconforme, el 9 de mayo de 2025, el señor Monserrate Sosa radicó la petición de *Certiorari* de epígrafe y le imputó al foro primario la comisión de los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DECLARAR QUE EL MATRICULAR AL MENOR UNILATERALMENTE SIN AUTORIZACIÓN DEL PADRE

---

[5] Apéndice de la petición de *Certiorari*, págs. 16-17. Notificada y archivada en autos el 2 de abril de 2025.

[6] Íd., págs. 20-21.

[7] Íd., págs. 23-25. La fecha de esta incidencia procesal surge de la página oficial del Poder Judicial, https://poderjudicial.pr/consulta-de-casos/ y de la *Resolución* del TPI emitida, notificada y archivada en autos el 24 de abril de 2025.

[8] Íd., págs. 27-28.

[9] Íd., pág. 31. Notificada y archivada en autos el 2 de mayo de 2025, fecha que surge de la página oficial del Poder Judicial, https://poderjudicial.pr/consulta-de-casos/.

NI DEL TRIBUNAL VIOLENTÓ LA PATRIA POTESTAD DE LA PARTE COMPARECIENTE.

ERRÓ EL TPI AL REMITIR A UNA VISTA DE ALIMENTOS PARA REVISAR LA PENSIÓN POR CAMBIO SUSTANCIAL, SIN PERMITIRLE AL PADRE SU DEBIDO PROCESO DE LEY.

Junto a la petición, presentó una *Solicitud de orden provisional de auxilio de jurisdic[c]ión* en la que solicitó que ordenáramos la paralización de los procedimientos a la luz de la vista ante la EPA pautada para el 25 de junio de 2025.

Ese mismo día, emitimos una *Resolución* en la que declaramos No Ha Lugar la solicitud de orden en auxilio de jurisdicción.

### III.

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1,[10] establece las instancias en las que le foro revisor posee autoridad

---

[10] Esta Regla dispone que:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corp., et al.***, 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que se trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. Caguas v. JRO Contruction, Inc.***, 201 DPR 703 (2019).

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R.40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[11]

## IV.

En el presente recurso, el señor Monserrate Sosa solicita que revoquemos una *Orden* del TPI en la que refirió a la EPA el asunto litigioso sobre el cuido del menor, hijo de ambas partes. Además de

---

[11] Esta Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

ese dictamen, el foro primario también emitió una *Resolución provisional de alimentos* en la que mantuvo la pensión alimentaria vigente y le impuso al peticionario la obligación de sufragar el gasto de cuido del menor y de honorarios de abogado a favor de la recurrida.

En específico, el señor Monserrate Sosa sostiene que el TPI debió declarar que se violentó su derecho de patria potestad al matricular al menor en un cuido sin consultarle. Asimismo, arguye que debemos invalidar el proceder del foro primario al referir el caso a una vista ante la EPA porque no se le garantizó el debido proceso de ley.

Tras un análisis objetivo, sereno y cuidadoso del expediente del caso, en correcta práctica adjudicativa apelativa, a la luz de los criterios establecidos en la Regla 52.1 de Procedimiento Civil, *supra,* y en la Regla 40 del Reglamento del Tribunal de Apelaciones, resolvemos que debemos abstenernos de ejercer nuestra función revisora y, en su lugar, que procede rechazar intervenir con la determinación del TPI.

Un examen sosegado del expediente del caso ante nuestra consideración, en especial de las determinaciones del TPI, demuestra que no existe error que amerite nuestra intervención. No surge de los autos que el TPI haya incurrido en error, prejuicio, parcialidad o abuso de su discreción. La determinación del foro primario fue esencialmente correcta en derecho en cuanto refirió el caso a la EPA para la evaluación correspondiente. En aras de cumplir con ello, la vista ante la EPA está calendarizada para el 25 de junio de 2025 y, en el ínterin, rige la *Resolución provisional de alimentos* según dictaminada por el foro primario. En esa vista, así como en el resto del proceso ante el TPI, el peticionario tendrá la oportunidad de hacer los planteamientos que tenga a bien hacer, garantizándose así su debido proceso de ley.

Obra en nuestro ánimo judicial para denegar la expedición del recurso el hecho de que no se ha resuelto el asunto objeto del mismo.

El TPI debe resolver si es un gasto necesario la matrícula del menor en tutorías o tiempo extendido en la escuela a la que asiste.

**La vista ante la EPA se celebrará según calendarizada por el TPI.**

### V.

Por los fundamentos pormenorizados, se *deniega* la expedición del auto de *certiorari* solicitado. Se devuelve el caso al TPI para la continuación de los procedimientos. A tenor con lo dispuesto en la Regla 35(A)(1) del Reglamento del Tribunal de Apelaciones, *supra*, R. 35(A)(1), el TPI puede continuar con los procedimientos sin que tenga que esperar por nuestro mandato.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones